UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALARIC DONYA SCOTT, JR., | No. 2:18-cv-0008 AC P |
| Petitioner, | |
| v. | ORDER AND FINDINGS & RECOMMENDATIONS |
| STATE OF CALIFORNIA, | |
| Respondent. | |

Petitioner, a former California pretrial detainee proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and has paid the filing fee.

I. <u>Petition</u>

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Rule 4 of the Habeas Rules requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." "[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted." <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971) (citations omitted).

Petitioner challenges his confinement on the grounds that he has been denied the right to a speedy trial and that he is being denied the right to be released on bail. ECF No. 1 at 1-8. He

1

appears to seek a determination that the state court lacks jurisdiction over his criminal case and has denied him a speedy trial and other constitutional protections. Id. at 6-7. Though it is not clear, he also appears to seek release from custody. Id. at 1.

Pursuant to 28 U.S.C. § 2241, the federal courts have jurisdiction to consider a habeas petition brought by a pretrial detainee. McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003) (citations omitted). However, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden v. 30th Judicial Cir. Court of Ky., 410 U.S. 484, 489 (1973) (citation omitted). In addressing affirmative defenses to state prosecution in the context of the Speedy Trial Clause, the Ninth Circuit has held that

> abstention principles generally require a federal district court to abstain from exercising jurisdiction over a habeas petition in which the petitioner raises a claim under the Speedy Trial Clause as an affirmative defense to state prosecution. The only exceptions are "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," or "in other extraordinary circumstances where irreparable injury can be shown."

Brown v. Ahern, 676 F.3d 899, 903 (9th Cir. 2012) (quoting Carden v. Mont., 626 F.2d 82, 84 (9th Cir. 1980)); see also Younger v. Harris, 401 U.S. 37, 43-54 (1971). A finding of deliberate delay "may bear on the merits of the [petitioner's] speedy trial claim, [but] it does not determine the appropriateness of federal intervention." Carden, 626 F.2d at 84. Nor does the mere fact that petitioner must wait until after trial to assert his speedy trial claim demonstrate irreparable injury. Id.

Accordingly, to the extent petitioner is attempting to assert his right to a speedy trial or any of his other constitutional rights as an affirmative defense to state prosecution, his petition is barred unless he falls within one of the two exceptions provided by Carden. Brown, 676 F.3d at 903. Petitioner has not alleged that he falls within either exception, and he is free to revive any of his affirmative defenses in a post-conviction habeas petition. To the extent petitioner is seeking an order directing the state court to conduct his trial, the issue is moot because the docket in petitioner's criminal case shows that trial was held and he was convicted not long after he filed

his petition in this court.[1]  See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases) (The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

With respect to petitioner's claim that he has been denied pretrial bail, this claim is also moot. A petitioner's claim to pretrial bail becomes moot once he is convicted, Murphy v. Hunt, 455 U.S. 478, 481 (1982), and as noted above, petitioner has been convicted.

Finally, "section [2241] does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus. However, [the Ninth Circuit] require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001) (citations omitted), abrogated on other grounds by Fernandez-Vargas v. Gonzales, 548 U.S. 30 (2006). Petitioner's assertion that only the federal court has jurisdiction to hear his federal constitutional claims, ECF No. 1 at 5, implies that the claims have not been presented to the California Supreme Court and are therefore unexhausted. Contrary to petitioner's assertion, the state courts do have jurisdiction to hear matters related to his claims that his federal constitutional rights have been violated; indeed, petitioner is required to fairly present those claims to the highest state court before presenting them to the federal court. See Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations omitted). Moreover, even if petitioner's claims regarding the constitutionality of the proceedings in his criminal case cannot be brought in state court at this time, because the direct appeal of his conviction is pending,[2] any federal petition is premature

---

[1] The docket in Sacramento County Superior Court Case No. 16FE018514 is available at https://services.saccourt.ca.gov/PublicCaseAccess/Criminal/CaseDetails?sourceSystemId=8&sourceKey=1554851.

[2] The docket in California Third District Court of Appeal Case No. C087107 is available at https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=3&doc_id=2251656&doc_no=C087107&request_token=NiIwLSIkTkw7WyBNSCI9TE1IUEg6UTxbKyMuQzpSQCAgCg%3D%3D.

3

because any issues will be mooted if his state appeal results in a reversal of his conviction.  See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (citations omitted).

Accordingly, for the reasons set forth above, the petition should be dismissed.

II. Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. McNeely, 336 F.3d at 832 n.10 (the certificate of appealability requirement also applies to § 2241 petitions brought by state pretrial detainees).  A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.  Therefore, no certificate of appealability should issue.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be dismissed.

2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 11, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4